## IN RE JOHN F. COLBURN.

APPEAL FROM THE AUDITOR OF THE TERRITORY.

SUBMITTED MARCH 27, 1903.          DECIDED MAY 28, 1903.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

An award of the Fire Claims Commission of $5,835 under claim 2703 as follows, viz: "without qualification, $505, subject to interest of claim 240, $2,680", and similarly subject to other claims, the several claimants being interested as landlord and tenants of the same property, is not all payable to the holder of claim 2703.

This is one of several cases appealed from decisions of the Auditor refusing to issue warrants for the first instalment of 10 % payable on awards of the Fire Claims Commission. See the next following two cases; also *Ins. Co. v. Commissioners,* 14 Haw. 481. It does not appear just what the form of the award was, but it appears that a certificate signed by the clerk of the Commission was issued containing the following:

"Judgment Award No. 2703—$5835.

"It is hereby certified that the above amount is the correct award as per record of judgments. See slip attached:"

The slip attached contains the following:

| | | | | | | |
|---|---|---|---|---|---|---|
| "Awarded without qualification | | | | | $ 505 | 00 |
| " subject to interest of Claim No. | | | | 240 | 2680 | 00 |
| " " " " " | | | | 6676 | 500 | 00 |
| " " " " " | | | | 2936 | 1745 | 00 |
| " " " " | | | 6449-2936 | | 325 | 00 |
| " " " " " | | | | 6449 | 100 | 00 |
| | | | | | $5835 | 00 |

"Awarded to Claim No. 6640, subject to the interest of this Claim No. 2703, the sum of $2655.00.

"$1050.00 of the above amount of $2650.00 is subject to int. of Claim 629."

The appellant, claiming to be the awardee in No. 2703, contends that he is entitled to the whole $5835, and therefore to the whole of the first instalment of 10%, and that the words "subject to the interest of," &c., should be disregarded as surplusage or else that they merely make the appellant a trustee for the holders of the other claims to the amounts named, in which latter case, as he contends, they can look to him for their shares after the whole has been paid to him. The Auditor contends that he should not issue a warrant without receipts from all the claimants or an order from the court.

There is nothing in this certificate to show who the claimants, other than the appellant, were, or what their relations to each other were, or just what was meant by the words "subject to interest of." But we gather from other statements in the appeal, which are not controverted, that the appellant's claim was for a loss as owner of the land on which the building that was burnt stood, and that claims 629 and 6676 were by others for losses as lessees of the same land. It does not appear who the other claimants were, but apparently they and the appellant have made an amicable settlement.

In the absence of the awards themselves and perhaps the rest of the records it is difficult to say just what the true situation is. On the statement of the appeal before us we cannot take either view contended for by the appellant.

It looks very much as if the Commission, instead of making a separate award to each claimant, bunched together all the claims arising out of the destruction of one piece of property and made an award of all such claims under the number of the claim of the owner of the fee, adopting the method pursued in this award of signifying in what way the amount awarded was to be divided among the several claimants. If so, either the award should be considered as embodying several awards to the several claimants, so as to entitle each claimant as an awardee to the amount indicated, or the award should be regarded as making the principal claimant trustee for the others, or it should be regarded as void for uncertainty, in any of which cases the Auditor rightly declined to issue a warrant for the whole to the claimant who now appeals. The references to the other claims certainly cannot be treated as surplusage. It is clear that the Commission did not intend that this claimant should have the whole amount, even if it had jurisdiction to make an award to one claimant for other claimants. And whether these references should be considered as separate awards to the holders of the claims referred to or as making the appellant a trustee for them to the extent of those amounts, the Auditor was certainly justified in declining to issue a warrant

for any such amount without the authority of the person claiming it. Even if the award might properly have been made to one for the others, its payment could not properly be made to one for the others, without the consent of the latter.

What was meant by the clause making another award (6440) subject to this claim (2703), or by the clause making a portion of one amount named subject to still another we need not undertake to say. We may note also that the amount certified to ($5835) is not the correct total of the several amounts named. On the meager facts before us we must hold that the Auditor was justified in declining to issue a warrant for the whole amount to this appellant.

Appeal dismissed.

*Attorney General L. Andrews* for Auditor.

*C. W. Ashford* for appellant.